IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

UNITED STATES OF AMERICA       :

     v.                          :        2:04-cr-00475-AB-ALL

THOMAS EARL WILLIAMS            :

GOVERNMENT'S GUILTY PLEA MEMORANDUM

I.    INTRODUCTION

Defendant Thomas Earl Williams ("Williams") was charged, by Indictment, with conspiracy to make false statements to a federally licensed firearms dealer in violation of 18 U.S.C. §§ 371 and 922(a)(6), various substantive counts of making false statements to a federally licensed firearms dealer in violation of 18 U.S.C. § 922(a)(6), and one count of being a felon in possession of a firearm in violation of 18 U.S.C § 922(g)(1).

Williams, through his counsel, has informed government counsel and the Court of his intention to plead guilty to the foregoing criminal charges.  By way of background, Williams was one of seven defendants charged in this firearms related case.  Four of Williams' codefendants have pled guilty; the signed cooperation plea agreements with

the defendant contained downward departure requests based upon their substantial assistance to the United States, namely, the defendants agreed to testify against defendant Williams if he proceeded to trial.  The indictment against defendant Delores Parker was dismissed.  Defendant Lavar Parker remains to be tried.

II.  <u>MAXIMUM STATUTORY SENTENCE</u>

Defendant Williams' statutory punishment is a maximum of 90 years imprisonment, a fine of up to $2,500,000, a special assessment of $1,000, and 3 years of supervised release.  The statutory sentence computation is as follows:

<u>Count 1</u>:

Conspiracy to make false statements
to a false statements to a federally
licensed firearms dealer in violation of 18
U.S.C. § 371 & 922(a)(6)......... <u>10 years</u>

<u>Counts 2-8</u>:

Making false statements to a federally
licensed firearms dealer in violation
of 18 922(a)(6)(10 years per count
of conviction)....................<u>70 years</u>

<u>Count 9</u>:

Felon in Possession in violation of 18
U.S.C. § 922(g)(1)................10 years

<u>TOTAL MAXIMUM SENTENCE</u>............<u>90 years</u>

                         FINE:     $250,000 for each of the nine
                         counts of conviction............$2,250,000.

III.      FACTUAL BASIS FOR PLEA

        If this matter proceeded to trial, the government

would offer testimonial and documentary evidence which would

prove that defendant Williams was the ring leader of the group

of individuals that he recruited to purchase firearms from

Fred Delia's Gun Shop in Philadelphia.  Set forth below is a

narrative of the trial testimony that the government

anticipates eliciting from the following witnesses in

satisfying its burden as to each of the elements of the

offenses to which defendant Williams is pleading guilty.

        Janet Street

        Street would testify that she was introduced to

Williams by Delores Parker, her former paramour.  Based upon

Parker's familiarity with Williams, Street would testify that

she purchased 3 guns for Williams and, in the process of doing

so, lied about her status on ATF 4473 as the actual purchaser

of the guns.  Street would also identify her signature on ATF

4473 which would be offered into evidence.

### Charlene Parker

Parker would testify that she purchased four guns for Williams because he asked her to do so and because he was her uncle.  Parker would further testify that she lied about her status as the actual purchaser of the guns on ATF 4473. Parker would identify her signature on ATF 4473 which would be offered into evidence at trial.

### James Brown and James Rivers

James Brown, Williams's uncle, would testify that he was recruited by Williams to purchase five guns for Williams. Brown has admitted that he lied about his status as the actual purchaser of the guns.  Brown further admitted that he recruited James Rivers into Williams' scheme.

Rivers will also testify that Williams offered to pay him (Rivers) $300 if Rivers would purchase four guns for Williams.  Rivers' testimony would corroborate Brown's testimony regarding Williams' attempt to purchase 4 guns by using Rivers.  Rivers was unable to purchase the firearms because of a prior conviction.  Both Rivers and Brown would identify their signatures on ATF 4473 which would be offered into evidence at trial.

### Fred Delia

Delia, the owner of Delia's gun shop will testify that Williams visited his gun shop on several occasions accompanied by Janet Street, Charlene Parker, and Lavar Parker,   Delia would further testify that he notified ATF that Williams appeared to be the leader of a group of attempting to purchase firearms on behalf of Williams because: (1) Williams instructed the individuals on the type of guns to buy and (2) Williams appeared to give assistance to Street, and the two Parker defendants while they were preparing ATF Form 4473.  Based upon his telephone contact with ATF, several agents visited his store where they observed Williams and the other defendants attempting to purchase firearms.

### ATF Special Agent Dave O'Brien

Agent O'Brien would testify that he was one of several surveillance officers who visited Delia Gun Shop while Williams and the above-named defendants were present in the store.  Agent O'Brien would further testify that he observed the purchases being made and that he radioed other ATF agents who followed Williams and the other defendants to Camden, New Jersey, the location where the guns were transported.

5

## IV.  CONCLUSION

The foregoing facts are the basic facts which the government would offer as its factual basis for the defendant's guilty plea.  If this matter were tried, however, there may be other facts would be offered as trial testify that would not be required to prove the requisite elements of 18 U.S.C. Section 371, 922(a)(6) and 922(g)(1).

Respectfully submitted

PATRICK L. MEEHAN
United States Attorney


_____

FLOYD J. MILLER
Assistant United States Attorney

6

## CERTIFICATE OF SERVICE

I certify that a true copy of the Government's

Guilty Plea Memorandum was served upon counsel for the

defendant this 9th  day of May 2005 by First Class United

States Mail which was addressed to:

Howard D. Popper, Esq.
Popper & Yatvin
230 South Broad Street
Suite 503
Philadelphia, PA 19102


_____
FLOYD J. MILLER